1  MARK I. WRAIGHT (State Bar No. 228303)
   ANDREW S. ELLIOTT (State Bar No. 254757)
2  EVELINA MANUKYAN (State Bar No. 233262)
   exm@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
   Attorneys for Defendants
7  WELLS FARO BANK, N.A.; WELLS FARGO
   & COMPANY; WELLS FARGO
8  FOUNDATION; and KENT MANNINA

9

10                    UNITED STATE DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

| 13 | DANFORD FOUNDATION and KATHERINE F. FISHER, | Case No. 3:19-cv-01512-JCS |
|---|---|---|
| 14 | Plaintiffs, | **DEFENDANTS WELLS FARGO BANK, N.A., WELLS FARGO & COMPANY, WELLS FARGO FOUNDATION, AND KENT MANNINA'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| 15 16 | vs. | |
| 17 18 | WELLS FARGO BANK, N.A., WELLS FARGO & COMPANY; WELLS FARGO FOUNDATION; KENT MANNINA; DEVON SILVERA, an individual; and DOES 1 through 20, inclusive, | |
| 19 20 | Defendants. | Action Filed:   December 11, 2018<br>Trial Date:     None Set |

21

22        Defendants Wells Fargo Bank, N.A. (sued as Wells Fargo Bank, N.A., Wells Fargo &

23  Company and Wells Fargo Foundation) and Kent Mannina (collectively, "Defendants"), through

24  their counsel of record hereby answer the "Complaint for Stay Pending Arbitration of

25  Enforceability of Arbitration Provision, Damages, and Declaratory Relief Confirming Arbitrator's

26  Decision as to Certain Defendants" ("Complaint") of plaintiffs Danford Foundation (the

27  "Foundation") and Katherine F. Fisher (collectively, "Plaintiffs").

28        Plaintiffs' claims are subject to a binding arbitration clause between the parties.  As of the

1  filing of this Answer, Defendants' proposed stipulation to stay the court action and submit

2  Plaintiffs' claim to arbitration is outstanding for Plaintiffs' consideration and approval.

3  Defendants explicitly reserve their right to compel arbitration shall Plaintiffs refuse the stipulation.

4  Defendants' right to submit the dispute to arbitration is not waived by virtue of filing this Answer.

5  (See *Creative Telcoms v. Breeden.* 120 F. Supp. 2d 1225, 1232 (1999).)

6        Except as expressly admitted or denied below, Defendants are without knowledge or

7  information sufficient to form a belief as to the truth of the allegations of each and every

8  paragraph of the Complaint.  In responding to the complaint, Defendants only respond on behalf

9  of themselves and not on behalf of any other person or entity.

10  **INTRODUCTION**

11      1.      In response to paragraph 1, Defendants admit that Plaintiffs' claims must be

12  submitted to arbitration.  The remainder of paragraph 1 contains legal conclusions that do not

13  require a response.  To the extent a response is required, Defendants deny each and every

14  allegation of this paragraph not specifically admitted.

15  **PARTIES**

16      2.      In response to paragraph 2, Defendants lack information or belief sufficient to

17  answer these allegations, and on that ground deny them.

18      3.      In response to paragraph 3, Defendants lack information or belief sufficient to

19  answer these allegations, and on that ground deny them.

20      4.      In response to paragraph 4, Defendants state that Wells Fargo is a national banking

21  association with its main office in Sioux Falls, South Dakota.  A national bank is located, for

22  purposes of 28 U.S.C. § 1348, where it has its main office.  To the extent any further response is

23  required, Defendants deny each and every remaining allegation in this paragraph.

24      5.      In response to paragraph 5, Defendants state that paragraph 5 contains legal

25  conclusions that do not require a response.  To the extent a response is required, Defendants deny

26  each and every allegation of this paragraph.

27      6.      In response to paragraph 6, Defendants state that at all relevant times Kent Mannina

28  was a premier banker at Wells Fargo's  Foster City branch.  Mr. Mannina was not a branch

1   manager.  Defendants lack information or belief sufficient to answer the remaining allegations,

2   and on that ground deny them.

3        7.      In response to Paragraph 7, Defendants lack information or belief sufficient to

4   answer these allegations, and on that ground deny them.

5        8.      In response to paragraph 8, Defendants state that paragraph 8 does not contain any

6   charging allegations against Defendants and requires neither denial nor admission.

7        9.      In response to paragraph 9, Defendants state that paragraph 9 contains legal

8   conclusions that do not require a response.  To the extent a response is required, Defendants deny

9   each and every allegation of this paragraph.

10                              **JURISDICTION AND VENUE**

11       10.     In response to paragraph 10, Defendants state that this Court has subject matter

12  jurisdiction, except to the extent the parties are subject to a binding arbitration provision.  A

13  proposed stipulation to stay the case and proceed with arbitration is outstanding for Plaintiffs'

14  consideration.  Defendants reserve the right to compel arbitration of Plaintiffs' claims, should

15  Plaintiffs refuse the stipulation.

16       11.     In response to paragraph 11, Defendants state that this Court has subject matter

17  jurisdiction, except to the extent the parties are subject to a binding arbitration provision.  A

18  proposed stipulation to stay the case and proceed with arbitration is outstanding for Plaintiffs'

19  consideration.  Defendants reserve the right to compel arbitration of  Plaintiffs' claims, should

20  Plaintiffs refuse the stipulation.

21       12.     In response to paragraph 12, Defendants state that this Court has subject matter

22  jurisdiction, except to the extent the parties are subject to a binding arbitration provision.  A

23  proposed stipulation to stay the case and proceed with arbitration is outstanding for Plaintiffs'

24  consideration.  Defendants reserve the right to compel arbitration of  Plaintiffs' claims, should

25  Plaintiffs refuse the stipulation.

26       13.     In response to paragraph 13, Defendants lack information or belief sufficient to

27  answer these allegations, and on that ground deny them.

28  / / /

1

## STATEMENT OF FACTS

2      14.     In response to Paragraph 14, Defendants lack information or belief sufficient to

3  answer these allegations, and on that ground deny them.

4      15.     In response to Paragraph 15, Defendants lack information or belief sufficient to

5  answer these allegations, and on that ground deny them.

6      16.     In response to paragraph 16, Defendants state that paragraph 16 contains legal

7  conclusions that do not require a response.  To the extent a response is required, Defendants deny

8  each and every allegation of this paragraph.

9      17.     In response to paragraph 17, Defendants admit that Danford Foundation maintained

10  a checking account at Wells Fargo for more than a decade.  Defendants lack information or belief

11  sufficient to answer the remaining allegations in paragraph 17, and on that ground deny them.

12      18.     In response to paragraph 18, Defendants lack information or belief sufficient to

13  answer these allegations, and on that ground deny them.

14      19.     In response to paragraph 19, Defendants admit that Wells Fargo had copies of

15  signatures of Ted Hannig and Katherine Fisher and had processed checks bearing their signatures

16  in the past.  Defendants lack information or belief sufficient to answer the remaining allegations in

17  this paragraph, and on that ground deny them.

18      20.     In response to Paragraph 20, Defendants lack information or belief sufficient to

19  answer these allegations, and on that ground deny them.

20      21.     In response to Paragraph 21, Defendants lack information or belief sufficient to

21  answer these allegations, and on that ground deny them.

22      22.     In response to paragraph 22, Defendants state that Kent Mannina met with certain

23  members of the Foundation on or about August 19, 2016, at which time the Foundation executed

24  an updated signature card.  Defendants lack information or belief sufficient to answer the

25  remaining allegations, and on that ground deny them.

26      23.     In response to paragraph 23, Defendants deny each and every allegation contained

27  in this paragraph.

28      24.     In response to paragraph 24, Defendants deny each and every allegation contained

in this paragraph.

25.     In response to paragraph 25, Defendants states that on or about August 19,2016 Wells Fargo obtained a new signature card for the Foundation.  Defendants deny the remaining allegations contained in this paragraph.

26.     In response to paragraph 26, Defendants deny each and every allegation pertaining to statements by Mr. Mannina.  Defendants lack information or belief sufficient to answer the remaining allegations in this paragraph, and on that ground deny them.

27.     In response to paragraph 27, Defendants state that paragraph 27 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

28.     In response to paragraph 28, Defendants state that a check drawn on the Foundation's Wells Fargo account in the amount of $87,670.00 was deposited at TD Bank on or about March 13, 2017.  Defendants further state that the check bore signatures of Ted Hannig and Katherine Fisher which appeared consistent with Mr. Hannig and Ms. Fisher's signatures on the Foundations signature card and on previously processed undisputed checks.  The remainder of paragraph 28 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation not specifically admitted.

29.     In response to paragraph 29, Defendants lack information or belief sufficient to answer these allegations, and on that ground deny them.

30.     In response to paragraph 30, Defendants admit that Wells Fargo responded to Plaintiffs' notice of a stolen check.  Defendants further state that Plaintiff's Exhibit E referenced in paragraph 30 speaks for itself.  Defendants lack information or belief sufficient to answer the remaining allegations in this paragraph, and on that ground deny them.

31.     In response to paragraph 31, Defendants admit that the Foundation demanded that Wells Fargo return the funds paid out from the Foundations account as a result of the allegedly altered check.  Defendants further state that Wells Fargo investigated Plaintiffs claims and then declined to return the funds because it determined that the check bore two signatures that were consistent with signatures on the account application and other checks which have been paid in the

past without dispute.  Defendants further state that as a courtesy to the Foundation, Wells Fargo reached out to TD Bank and secured the return of $22,819.46 that were available at TD Bank. Defendants deny the remaining allegations in paragraph 31.

32.     In response to paragraph 324, Defendants deny each and every allegation contained in this paragraph.

33.     In response to paragraph 33, Defendants admit that on or about March 21, 2017, the Foundation submitted a fraud claim to Wells Fargo and both Ms. Fisher and the Foundation (by Ted Hannig) provided affidavits in support of their check fraud claim.  Defendants further admit that  Ms. Mannina notarized  the affidavit of check fraud by Ms. Fisher.  Defendants lack information or belief sufficient to answer the remaining allegations, and on that ground deny them.

34.     In response to Paragraph 34, Defendants lack information or belief sufficient to answer these allegations, and on that ground deny them.

35.     In response to Paragraph 35, Defendants lack information or belief sufficient to answer these allegations, and on that ground deny them.

36.     In response to paragraph 36, Defendants state that paragraph 36 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

37.     In response to Paragraph 37,  Defendants state that they lack information or belief sufficient to answer these allegations, and on that ground deny them.  Defendants further state that Wells Fargo encourages its customers who are victims of fraud to report the fraud to Wells Fargo and to the police.

38.     In response to paragraph 38, Defendants state that paragraph 38 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

39.     In response to paragraph 39, Defendants deny the allegations pertaining to Ms. Mannina.  Defendants further state that paragraph 39 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

40.     In response to paragraph 40, Defendants state that in May 2017, following an investigation, the Foundation's check fraud claim was denied.  Defendants deny the remaining allegations in paragraph 40.

41.     In response to paragraph 41, Defendants admits that Wells Fargo declined to restore the funds to the Foundation, except the return of funds Defendants secured from TD Bank. Defendants lack information or belief sufficient to answer the remaining allegations, and on that ground deny them.

42.     In response to Paragraph 42, Defendants lack information or belief sufficient to answer these allegations, and on that ground deny them.

43.     In response to Paragraph 43, Defendants lack information or belief sufficient to answer these allegations, and on that ground deny them.

44.     In response to Paragraph 44, Defendants deny each and every allegation of this paragraph.

45.     In response to paragraph 45, Defendants state that paragraph 45 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

46.     In response to paragraph 46, Defendants state that paragraph 46 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

47.     In response to paragraph 47, Defendants state that paragraph 47 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

48.     In response to paragraph 48, Defendants state that as a courtesy to the Foundation, Wells Fargo reached out to TD Bank and secured the return of approximately $22,819.00 from TD Bank.  The remaining allegations in this paragraph are legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

49.     In response to Paragraph 49, Defendants lack information or belief sufficient to

1 answer these allegations, and on that ground deny them.

2      50.     In response to Paragraph 50, Defendants lack information or belief sufficient to

3 answer these allegations, and on that ground deny them.

4      51.     In response to paragraph 51, Defendants state that paragraph 51 contains legal

5 conclusions that do not require a response. To the extent a response is required, Defendants deny

6 each and every allegation of this paragraph.

7      52.     In response to paragraph 52, Defendants state that paragraph 52 contains legal

8 conclusions that do not require a response. To the extent a response is required, Defendants deny

9 each and every allegation of this paragraph.

10      53.     In response to paragraph 53, Defendants state that paragraph 53 contains legal

11 conclusions that do not require a response. To the extent a response is required, Defendants deny

12 each and every allegation of this paragraph.

13      54.     In response to paragraph 54, Defendants admit that the parties are subject to a

14 binding arbitration provision and that the case should be stayed pending any and all arbitration

15 rulings. A proposed stipulation to stay the case and proceed with arbitration is outstanding for

16 Plaintiffs' consideration. Defendants reserve the right to compel arbitration of Plaintiffs' claims,

17 should Plaintiffs refuse the stipulation.

18 **CAUSES OF ACTION**

19 **FIRST CAUSE OF ACTION**

20 **(Violation of Bus. & Prof. Code §17200 et al.)**

21 **(Brought by all Plaintiffs against all Defendants except Silvera and Does 1-5)**

22      55.     In response to paragraph 55, Defendants incorporates by reference its responses to

23 the foregoing paragraphs.

24      56.     In response to paragraph 56, Defendants state that paragraph 56 contains legal

25 conclusions that do not require a response. California Business and Professions Code Section

26 17200 et al speaks for itself.

27      57.     In response to paragraph 57, Defendants state that paragraph 57 contains legal

28 conclusions that do not require a response. California Business and Professions Code Section

17204 speaks for itself.

58.     In response to paragraph 58, Defendants state that paragraph 58 contains legal conclusions that do not require a response.  California Business and Professions Code Section 17201 et al speaks for itself.

59.     In response to paragraph 59, Defendants state that paragraph 59 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

60.     In response to paragraph 60, Defendants state that paragraph 60 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

61.     In response to paragraph 61 Defendants state that paragraph 61 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

62.     In response to paragraph 62, Defendants state that paragraph 62 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

63.     In response to paragraph 63, Defendants state that paragraph 63 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

64.     In response to paragraph 64, Defendants state that paragraph 64 contains legal conclusions that do not require a response.  California Business and Professions Code Section 17203 speaks for itself.

65.     In response to paragraph 65, Defendants state that paragraph 65 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

66.     In response to paragraph 66, Defendants state that paragraph 66 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

**SECOND CAUSE OF ACTION**

**(Violation of RICO, 18 U.S.C. §1961 et seq.)**

**(Brought by all Plaintiffs against all Defendants)**

67.     In response to paragraph 67, Defendants incorporates by reference its responses to the foregoing paragraphs.

68.     In response to paragraph 68, Defendants state that paragraph 68 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

69.     In response to paragraph 69, Defendants state that paragraph 69 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

70.     In response to paragraph 70, Defendants state that paragraph 70 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

71.     In response to paragraph 71, Defendants state that paragraph 71 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

72.     In response to paragraph 72, Defendants state that paragraph 72 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

73.     In response to paragraph 73, Defendants state paragraph 73 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

74.     In response to paragraph 74, Defendants state that paragraph 74 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

75.     In response to Paragraph 75, Defendants lack information or belief sufficient to answer these allegations, and on that ground deny them.

76.     In response to paragraph 76, Defendants state that paragraph 76 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

**THIRD CAUSE OF ACTION**

**(Conspiracy to Violate RICO, 18 U.S.C. §1962(d))**

**(Brought by all Plaintiffs against all Defendants)**

77.     In response to paragraph 77, Defendants incorporates by reference its responses to the foregoing paragraphs.

78.     In response to paragraph 78, Defendants state that paragraph 78 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

79.     In response to paragraph 79, Defendants state that paragraph 79 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

**FOURTH CAUSE OF ACTION**

**(Fraudulent Misrepresentation)**

**(Brought by all Plaintiffs against all Defendants except Silvera and Does 1-5)**

80.     In response to paragraph 80, Defendants incorporates by reference its responses to the foregoing paragraphs.

81.     In response to paragraph 81, Defendants state that paragraph 81 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

82.     Defendants deny the allegations on paragraph 82.

83.     Defendants deny the allegations on paragraph 83.

84.     In response to paragraph 84, Defendants state that paragraph 84 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

85.     In response to paragraph 85, Defendants state that paragraph 85 contains legal

1  conclusions that do not require a response. To the extent a response is required, Defendants deny

2  each and every allegation of this paragraph.

3       86.    In response to paragraph 86, Defendants state that paragraph 86 contains legal

4  conclusions that do not require a response. To the extent a response is required, Defendants deny

5  each and every allegation of this paragraph.

6       87.    In response to paragraph 87, Defendants state that paragraph 87 contains legal

7  conclusions that do not require a response. To the extent a response is required, Defendants deny

8  each and every allegation of this paragraph.

9       88.    In response to paragraph 88, Defendants state that paragraph 88 contains legal

10  conclusions that do not require a response. To the extent a response is required, Defendants deny

11  each and every allegation of this paragraph.

12       89.    In response to paragraph 89, Defendants state that paragraph 89 contains legal

13  conclusions that do not require a response. To the extent a response is required, Defendants deny

14  each and every allegation of this paragraph.

15  **FIFTH CAUSE OF ACTION**

16  **(Negligent Misrepresentation)**

17  **(Brought by all Plaintiffs against all Defendants except Does 1-5)**

18       90.    In response to paragraph 80, Defendants incorporates by reference its responses to

19  the foregoing paragraphs.

20       91.    In response to paragraph 91, Defendants state that paragraph 91 contains legal

21  conclusions that do not require a response. To the extent a response is required, Defendants deny

22  each and every allegation of this paragraph.

23       92.    Defendants deny allegations in paragraph 92.

24       93.    Defendants deny allegations in paragraph 93.

25       94.    In response to paragraph 94, Defendants state that paragraph 94 contains legal

26  conclusions that do not require a response. To the extent a response is required, Defendants deny

27  each and every allegation of this paragraph.

28       95.    In response to paragraph 95, Defendants state that paragraph 95 contains legal

conclusions that do not require a response. To the extent a response is required, Defendants deny each and every allegation of this paragraph.

96. In response to paragraph 96, Defendants state that paragraph 96 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny each and every allegation of this paragraph.

97. In response to paragraph 97, Defendants state that paragraph 97 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny each and every allegation of this paragraph.

98. In response to paragraph 98, Defendants state that paragraph 98 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny each and every allegation of this paragraph.

99. In response to paragraph 99, Defendants state that paragraph 99 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny each and every allegation of this paragraph.

**SIXTH CAUSE OF ACTION**

**(False Promise)**

**(Brought by all Plaintiffs against all Defendants except Does 1-5)**

100. In response to paragraph 100, Defendants incorporates by reference its responses to the foregoing paragraphs.

101. Defendants deny allegations in paragraph 101.

102. In response to paragraph 102, Defendants state that paragraph 102 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny each and every allegation of this paragraph.

103. In response to paragraph 103, Defendants state that paragraph 103 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny each and every allegation of this paragraph.

104. In response to paragraph 104, Defendants state that paragraph 104 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny

1    each and every allegation of this paragraph.

2        105.    In response to paragraph 105, Defendants state that paragraph 105 contains legal

3    conclusions that do not require a response.  To the extent a response is required, Defendants deny

4    each and every allegation of this paragraph.

5        106.    In response to paragraph 106, Defendants state that paragraph 106 contains legal

6    conclusions that do not require a response.  To the extent a response is required, Defendants deny

7    each and every allegation of this paragraph.

8        107.    In response to paragraph 107, Defendants state that paragraph 107 contains legal

9    conclusions that do not require a response.  To the extent a response is required, Defendants deny

10   each and every allegation of this paragraph.

11       108.    In response to paragraph 108, Defendants state that paragraph 108 contains legal

12   conclusions that do not require a response.  To the extent a response is required, Defendants deny

13   each and every allegation of this paragraph.

14                       **SEVENTH CAUSE OF ACTION**

15                              **(Negligence)**

16           **(Brought by all Plaintiffs against all Defendants except Does 1-5)**

17       109.    In response to paragraph 109, Defendants incorporates by reference its responses to

18   the foregoing paragraphs.

19       110.    In response to paragraph 110, Defendants state that paragraph 110 contains legal

20   conclusions that do not require a response.  To the extent a response is required, Defendants deny

21   each and every allegation of this paragraph.

22       111.    In response to paragraph 111, Defendants state that paragraph 111 contains legal

23   conclusions that do not require a response.  To the extent a response is required, Defendants deny

24   each and every allegation of this paragraph.

25       112.    In response to paragraph 112, Defendants state that paragraph 112 contains legal

26   conclusions that do not require a response.  To the extent a response is required, Defendants deny

27   each and every allegation of this paragraph.

28       113.    In response to paragraph 113, Defendants state that paragraph 113 contains legal

conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

## EIGHTH CAUSE OF ACTION

### (Elder Abuse)

### (Brought by Katherine Fisher against all Defendants)

114.    In response to paragraph 114, Defendants incorporates by reference its responses to the foregoing paragraphs.

115.    In response to paragraph 115, Defendants state that paragraph 115 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

116.    In response to Paragraph 116, Defendants lack information or belief sufficient to answer these allegations, and on that ground deny them.

117.    In response to paragraph 117, Defendants state that paragraph 117 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

118.    In response to paragraph 118, Defendants state that paragraph 118 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

119.    In response to paragraph 119, Defendants state that paragraph 119 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny each and every allegation of this paragraph.

## NINTH CAUSE OF ACTION

### (Declaratory Relief)

### (Brought by all Plaintiffs against all Defendants except Does 1-5)

120.    In response to paragraph 120, Defendants incorporates by reference its responses to the foregoing paragraphs.

121.    In response to paragraph 121, Defendants state that the parties are subject to a binding arbitration provision.  Defendants reserves the right to compel arbitration of Plaintiffs'

1   claims.  Defendants deny the remaining allegations in paragraph 121.

2       122.    In response to paragraph 122, Defendants state that the parties are subject to a

3   binding arbitration provision.  Defendants reserves the right to compel arbitration of Plaintiffs'

4   claims.  Defendants lack information or belief sufficient to answer allegations concerning

5   defendant Silvera, and on that ground deny them.

6       123.    In response to paragraph 123, Defendants state that paragraph 123 contains legal

7   conclusions that do not require a response.  To the extent a response is required, Defendants deny

8   each and every allegation of this paragraph.

9       124.    In response to paragraph 124, Defendants state that paragraph 124 contains legal

10  conclusions that do not require a response.  To the extent a response is required, Defendants deny

11  each and every allegation of this paragraph.

12      125.    Defendants admits allegations in paragraph 125.

13      126.    In response to paragraph 125, Defendants state that the parties are subject to a

14  binding arbitration provision.  Defendants reserves the right to compel arbitration of Plaintiffs'

15  claims.  Defendants does not dispute Plaintiffs' contention that the case shall be stayed pending

16  the arbitration.  Defendants lack information or belief sufficient to answer allegations concerning

17  defendant Silvera, and on that ground deny them.

18                          **AFFIRMATIVE DEFENSES**

19      As separate and distinct affirmative defenses to the Complaint, and to each allegation

20  contained therein, Defendants hereby allege the following:

21                      **FIRST AFFIRMATIVE DEFENSE**

22                      **(Reservation of Arbitration Rights)**

23      The dispute giving rise to the Complaint is arbitrable under the parties' contract and

24  Defendants intend to submit this matter to arbitration.  In the event Defendants are unable to

25  obtain Plaintiffs' consent to arbitrate this matter, Defendants reserve the right to compel arbitration

26  of the parties' dispute.  Defendants' right to submit the dispute to arbitration is not waived by

27  virtue of filing this answer.  (See *Creative Telcoms v. Breeden.* 120 F. Supp. 2d 1225, 1232

28  (1999), finding that answering a complaint does not result in waiver of arbitration.)

## SECOND AFFIRMATIVE DEFENSE

### (Compliance With the Governing Law)

Defendants' compliance with the statutes, rules and regulations, which govern the subject matter of this lawsuit, precludes its liability to Plaintiffs.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred by the doctrine of laches by reason of their delay in pursuing this matter.

## FOURTH AFFIRMATIVE DEFENSE

### (Defendants' Performance)

Defendants fully performed all conditions, covenants, and promises that it was required to perform under the terms of any and all contracts with Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Failure to Perform)

Plaintiffs' claims are barred because they failed to fully perform all conditions, covenants, and promises that they were required to perform under the terms of any and all contracts with Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs, by virtue of their own acts and/or the acts or omissions of others chargeable to them, are estopped from obtaining relief sought from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims are barred in whole or in part by their failure to mitigate.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contract Terms)

The asserted claims are barred, in whole or part, by virtue of the terms and provisions of

1   Plaintiffs, contractual agreements with Wells Fargo.

2   ### NINTH AFFIRMATIVE DEFENSE

3   **(Unclean Hands)**

4   Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

5   ### TENTH AFFIRMATIVE DEFENSE

6   **(Privilege and Justification)**

7   Defendants' alleged actions and/or omissions are privileged and justified.  The utility of

8   Defendants' actions outweigh any resulting harm to Plaintiffs.

9   ### ELEVENTH AFFIRMATIVE DEFENSE

10   **(Good Faith)**

11   Defendants' actions were proper and legal, and at all times they acted with good faith and

12   without malice.

13   ### TWELFTH AFFIRMATIVE DEFENSE

14   **(Waiver)**

15   Plaintiffs have waived their right to seek the relief sought due to their own acts and

16   omissions with reference to the subject matter of the Complaint.

17   ### THIRTEENTH AFFIRMATIVE DEFENSE

18   **(Consent/Ratification)**

19   Plaintiffs consented to the actions and/or omissions by Defendants that purportedly gave

20   rise to the occurrences asserted in the complaint, and subsequently ratified that conduct.

21   ### FOURTEENTH AFFIRMATIVE DEFENSE

22   **(Injury Claimed Attributable to Plaintiffs)**

23   The injury, if any, suffered by Plaintiffs was caused by the acts, omissions and wrongdoing

24   of Plaintiffs, by virtue of their own acts and/or the acts or omissions of others chargeable to them,

25   and not any acts, omissions or wrongdoing by Defendants.

26   ### FIFTEENTH AFFIRMATIVE DEFENSE

27   **(Injury Claimed Attributable to Third Parties)**

28   The injury, if any, suffered by Plaintiffs was caused by the acts, omissions and wrongdoing

1   of third parties unrelated to Defendants, and not any acts, omissions or wrongdoing by

2   Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

Plaintiffs knew and voluntarily assumed the risk of sustaining injuries and damages of the kind alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Commercial Reasonableness)

At all times relevant herein, Defendants acted in a commercially reasonable manner and were acting in accordance with reasonable standards applicable to Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Right To Add Additional Affirmative Defenses)

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available and cannot fully anticipate all affirmative defenses that may be applicable to it, within this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### PRAYER

WHEREFORE, defendants Wells Fargo Bank, N.A. (sued as Wells Fargo Bank, N.A., Wells Fargo & Company, Wells Fargo Foundation, and Kent Mannina) pray:

1.   That Plaintiffs takes nothing by reason of their Complaint;

2.   That judgment be entered in favor of Defendants and against Plaintiffs;

3.   That Defendants be awarded its reasonable attorney's fees and costs; and

4.   That the Court award such other and further relief as it deems proper.

1  DATED:  April 8, 2019                         Respectfully submitted,

2                                                SEVERSON & WERSON, A Professional Corporation

3

4                                                By:   _____/s/ Evelina Manukyan_____

5                                                              Evelina Manukyan

6                                                Attorneys for Defendants DEFENDANTS BANK,
                                                 N.A.; DEFENDANTS & COMPANY; DEFENDANTS
7                                                FOUNDATION; and KENT MANNINA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On April 8, 2019, I served true copies of the following document(s):

**DEFENDANTS WELLS FARGO BANK, N.A., WELLS FARGO & COMPANY, WELLS FARGO FOUNDATION, AND KENT MANNINA'S  ANSWER TO PLAINTIFFS' COMPLAINT**

on the interested parties in this action as follows:

| | |
|---|---|
| Ted J. Hannig, Esq.<br>Paul A. Mann, Esq.<br>Hannig Law LLP<br>990 Industrial Road, Suite 207<br>San Carlos, CA 94070 | Attorneys for Plaintiffs Danford Foundation and Katherine F. Fisher<br>Telephone:  (650) 482-3040<br>Facsimile:  (650) 482-2820<br>Email: tjh@hanniglaw.com<br>       paul@hanniglaw.com |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 8, 2019, at San Francisco, California.

_____
Chilaren L. Kada

07685.2131/14828753.1

3:19-cv-01512-JCS

ANSWER TO PLAINTIFFS' COMPLAINT